Taylor, C. J.
delivered the Opinion of the Court:—
The question in this case depends upon the true construction of the act of 1792, c. 6. to ascertain which it is necessary to consider the act in connection with that of 1784, c. 10, *86 the 7th section of which it is its professed object to amend and explain. The preamble to that section declares, that many persons have been injured by secret deeds of gift to children and others, and for want of formal bills of sale.—The enacting clause provides that all sales of slaves shall be in writing, and that they, as well as deeds of gift, shall be recorded. The exposition of this law, made soon after its passage, and generally acquiesced in since that period, was, that the design of the Legislature being to protect the rights of creditors and purchasers, the want of a written transfer could only be set up against the validity of a sale, in cases where the rights of those persons were to be affected; that, as between the parties to the transaction, it was valid and effectual, although made by parol. The act of 1792 having the same object in view, dispenses with the necessity of a bill of sale in every case, manifestly under the impression in the framers of the law, that the rights of creditors and purchasers might be as effectually guarded, by superadding delivery to the common law mode of selling a chattel, as by a written evidence of the sale. The expressions of the act are, that bona fide sales of slaves accompanied with delivery, and which would have been good before the passing of the act of 1784, shall be held valid. But a bona fide sale without delivery, would have been held good at common law; and if the Legislature designed to revive the common law mode of transfer, they might have effected that object by a simple repeal of the clause in question. It was believed, either that a delivery was necessary to the validity of a common law sale, or the delivery was substituted in lieu of the bill of sale, for the sake of creditors and others. The first supposition is inadmissible; and in adopting the latter, we must apply to the act the same principles of construction which have governed the decision of cases arising under the act of 1784. Hence it follows, that a delivery is necessary in all cases where the rights of creditors, or third persons, are affected; but, between the parties themselves, a bona fide *87 sale, according to the rule of the common law, effectually transfers the property. This sale being of the latter description, there must be a new trial.